UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ATHEAL PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| AMERICAN GENERAL FINANCE, ) | 06 CV-985-WKW |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

COMES NOW American General Financial Services of Alabama, Inc. ("AGFS"), and for reply to the plaintiff's submissions in response to AGFS's motion to dismiss states as follows:

**I.**
**ARGUMENT**

Plaintiff's response to AGFS's motion to dismiss consists of four separate "affidavits", along with a number of irrelevant exhibits, none of which address the merits of AGFS's motion to dismiss. In particular, plaintiff does not and cannot rebut the fact that 42 U.S.C. §1983, under which he presumably brings his claim that AGFS violated his civil rights, applies only to officials acting under color of state law and does not reach the conduct of private individuals or corporations. International Molder & Allied Workers, AFL-CIO v. Buchanan Lumber Birmingham, 459 F.Supp. 950, 952 (M.D. Ala. 1978). Since "the determination of

1563569

whether a complaint sufficiently states a claim is a matter of law" for the Court to decide, and complaints under §1983 are held to a higher standard of pleadings in order "to weed out nonmeritorious claims," the Court should dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. GJR Investments v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998).

Similarly, plaintiff fails to address the fact that his purported claims of theft, false foreclosure, false bar to redemption, and fraud, fail to give AGFS any notice of the basis of the claims. In addition, under well settled law, if a federal court dismisses a plaintiff's federal claims, the Court should also refuse to exercise supplemental jurisdiction over the plaintiff's state law claims. Shortz v. United Parcel Service, 2006 WL 1208053 (C.A. 11 (Ala.)) (because the plaintiff's "federal claims had been dismissed, the dismissal of the state law claims was entirely consistent with the approach to supplemental jurisdiction that we have encouraged"). Thus, the Court should also dismiss plaintiff's state law claims.

Plaintiff states in his submission that he plans to "amend" his complaint, but fails to state the reason he did not simply set forth the allegations of that "amended" complaint in his original complaint. The reason for that is simple. He has no viable claims, and this lawsuit represents nothing more than another attempt by plaintiff to abuse the judicial process, which this Court should not permit.

## II.
## CONCLUSION

For the foregoing reasons, AGFS requests the Court to grant AGFS's motion to dismiss and enter an order dismissing with prejudice this lawsuit.[1]

s/ David A. Elliott
David A. Elliott

Attorney for American General
Financial Services of Alabama, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
3400 Wachovia Tower
Birmingham, Alabama 35203
(205) 251-3000
(205) 458-5100
DElliott@burr.com

---

[1] In the event the Court for some reason determines that plaintiff's complaint should not be dismissed, AGFS maintains its right to compel plaintiff's claims to arbitration.

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the __25__ day of April, 2007:

    Atheal Pierce
    112 Knollwood Blvd.
    Montgomery, Alabama 36117


      s/ David A. Elliott
      OF COUNSEL