IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ATHEAL PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-0985-WKW |
| | ) | |
| AMERICAN GENERAL FINANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, filed January 11, 2007). Pending is Defendant's *Motion to Dismiss or In the Alternative, to Compel Arbitration* (Doc. 5, filed April 2, 2007), Plaintiff's Responses (Docs. 9-12, filed April 23, 2007), and Defendant's *Reply to Plaintiff's Response to Motion to Dismiss* (Doc. 15, filed April 25, 2007). For good cause herein shown, it is the Recommendation of the Magistrate Judge to grant the motion and dismiss the action.

### I. PARTIES

Plaintiff, Atheal Pierce ("Pierce" or "Plaintiff"), is a resident of Montgomery in Montgomery County, Alabama located within the Middle District of Alabama.

Defendant American General Financial Services of Alabama, Inc. ("AGFS") is a

Delaware corporation headquartered in Evansville, Indiana. It was formerly known as American General Finance, Inc., an Alabama Corporation.[1]

Defendant Truman M. Hobbs, Jr.[2] ("Judge Hobbs") is a circuit court judge for the 15th Judicial District in Montgomery, Alabama.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF CASE/BACKGROUND & DEFENDANT'S MOTION TO DISMISS

Plaintiff initiated this action *pro se* on October 31, 2006. *See* Doc. 1, Complaint. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff states his claim as follows:[3]

> Bankruptcy court and Federal court have my files. American General Finance, Inc., and T. Hobbs, Jr. teamed up to steal, take, and cover up wrong doings in an effort to get away with my assets in violation of my Federal and State's rights. American General Finance, Inc. Has published a false

---

[1] American General Finance Inc. is now known as American General Financial Services of Alabama, Inc. *See* Doc. 5-4, Affidavit of Robert S. Ritter.

[2] The Complaint is styled with Defendants AGFS and "to be named." Plaintiff identifies T. Hobbs, Jr. in the factual allegations section of his Complaint, but no service has been attempted on Judge Hobbs. Thus, Judge Hobbs would not be considered a party to this action. However, because Plaintiff is *pro se* the Court will address the potential claims against Judge Hobbs since it is unclear from the complaint whether he is a defendant.

[3] Plaintiff's statement of facts is recited verbatim.

> foreclosure, and a false bar to redemption, and in violation of due process. Fraud is clear. I am asking for a jury trial. I wish to amend my lawsuit. Also I will provide you a copy of the T. Hobbs, Jr. fraud papers.

*See* Doc. 1 ¶ 5.

On January 11, 2007, the District Judge referred this action to the undersigned magistrate judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. *See* Doc. 2. On March 1, 2007 the court issued an order requiring Plaintiff to show cause why the case should not be dismissed for failure to obtain service of process on AGFS. *See* Doc. 3. Plaintiff finally requested summons be issued on March 2, 2007. *See* Doc. 4. Plaintiff has not amended his complaint, despite stating his intent to do so in his Complaint seven and a half months ago and again in his Response to the Motion to Dismiss almost two months ago. *See* Docs 1 and 9-12.

On April 2, 2007, AGFS filed its "Motion to Dismiss, or in the Alternative, to Compel Arbitration." *See* Doc. 5. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, AGFS moves to dismiss for failure to state a claim for which a court may grant relief. Alternatively, AGFS moves to compel arbitration because Pierce's loan agreement includes an arbitration provision.

AGFS details a fairly extensive background with Plaintiff. On or about February 3, 1999, Plaintiff entered into a loan transaction with AGFS which was secured by real estate owned by Plaintiff. *See* Doc. 5 ¶ 1 and Exhibit A. Plaintiff defaulted on the loan and AGFS commenced foreclosure proceedings. AGFS avers it scheduled a foreclosure sale for April 27, 2005. *Id*. However, on April 26, 2005 Plaintiff filed for Chapter 13 bankruptcy. *Id.; see*

*also* Doc. 9-3; *see also In re: Atheal Pierce*, Case No. 05-31205 in the U.S. Bankruptcy Court for the Middle District of Alabama ("Bankruptcy Case"). On June 15, 2005, AGFS filed a motion for relief from stay. *See* Doc. 5 ¶ 2; *see also* Doc. 9-3; *see also* Bankruptcy Case. On August 15, 2005, United State Bankruptcy Judge Dwight Williams entered an order conditionally granting relief from the stay. *Id*. On September 8, 2005, AGFS filed a Motion to Dismiss the Bankruptcy Case which was granted on September 15, 2005. *Id*. On or about October 15, 2005, Plaintiff appealed Judge Williams' order. *See* Doc. 5 ¶ 2; *see also* Doc. 9-3; *see also* Doc. 9-4; *see also Pierce v. Redding*, Case No. 2:05-cv-1014-MHT, in the Middle District of Alabama ("Bankruptcy Appeal"). Since Plaintiff did not file a motion to stay the foreclosure proceedings, AGFS held a foreclosure sale on the property where AGFS purchased the property. Plaintiff refused to vacate the property, thus AGFS filed an action seeking an order of ejectment. The ejectment action was assigned to Judge Truman Hobbs, Jr. ("Judge Hobbs")

On February 21, 2006, Judge Thompson affirmed the judgment of the bankruptcy court. *See* Doc. 9-3. Plaintiff appealed the decision to the Eleventh Circuit, but he failed to file an appellate brief so the appeal was dismissed for failure to prosecute. In addition, when Plaintiff failed to appear for his August 29, 2006 trial on the ejection request Judge Hobbs entered judgment in favor of AGFS ordering Plaintiff to relinquish the property. *See* Doc. 5-3 "Final Judgment." Plaintiff appealed this decision to the Supreme Court of Alabama.

On April 23, 2007, Plaintiff filed his response to the Motion to Dismiss. *See* Docs. 9-12. Plaintiff filed several affidavits and exhibits in support of his response. Plaintiff's

affidavits pertain to the date he filed the pending lawsuit, generic statements against opposing counsel, and a blanket statement that his complaint was due to be amended. To date, Plaintiff has not amended the complaint.

### IV. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and

unwarranted deductions of fact are not admitted as true).[4]

In other words, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007). Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## V.  DISCUSSION & ANALYSIS

---

[4]  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Plaintiff's Complaint asserts alleged violations of his civil rights. *See* Doc. 1, Complaint. The inartful complaint leads the court to believe Plaintiff asserts a claim under 42 U.S.C. § 1983. *Id*. Even under the liberal pleading requirements set forth in the Federal Rules of Civil Procedure, Plaintiff does not articulate a cognizable claim for which a court may grant relief. Plaintiff's claims against Defendants are based on what he characterizes as unconstitutional actions by a private company and a sitting circuit court judge. *Id*. Necessarily viewing Plaintiff's allegations as true, Plaintiff fails to demonstrate a claim which entitles him to any relief.

**A.    AGFS**

To obtain relief under § 1983, Plaintiff must show he was deprived of a federal right by a person acting under color of state law. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). The Supreme Court has reiterated this requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006) (citing *Pinellas*). Further,

"only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes." *Weaver*, 442 F.Supp.2d at 1223 (citations omitted).

For a private entity such as AGFS to qualify as a "state actor" under § 1983, one of the three tests must be satisfied:

(1) "State Compulsion Test" wherein the state has coerced or significantly encouraged the violative conduct;

(2) "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and

(3) "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

*Weaver*, 442 F.Supp.2d at 1223 (citing *Rayburn*, 241 F.3d at 1347 and *Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004)). The application of these three tests patently establish AGFS was not a state actor.

Under the "State Compulsion Test," there is absolutely no evidence that the State of Alabama did anything to coerce or encourage AGFS to initiate foreclosure proceedings or an ejectment action against Plaintiff. The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally the exclusive prerogative of the State." *Weaver*, 442 F.Supp.2d at 1224 (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992)). Initiating foreclosure proceedings and a private suit against an individual are certainly not the exclusive

prerogative of the State of Alabama. As such, the Public Function Test is not met. Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Rayburn*, 241 F.3d at 1348 (citations omitted). Again, there is absolutely no evidence the State of Alabama played any part in the foreclosure proceedings or private ejectment suit brought by AGFS. Actually, the facts unambiguously establish AGFS performed a private function arising out of a contract with the Plaintiff, and acted completely independently in its financial self-interest to foreclose and eject Plaintiff. Thus, AGFS was not a state actor and Plaintiff has no claim under § 1983. Consequently, the action against AGFS should be dismissed under 12(b)(6) of the Federal Rules of Civil Procedure.

**B.    Judge Hobbs**

All of the allegations made by the plaintiff against Judge Hobbs arise from actions taken in his judicial capacity during court proceedings over which he had jurisdiction. The law is well established that a circuit court judge is entitled to absolute immunity from suit under 42 U.S.C. § 1983 for acts taken pursuant to his judicial authority. *See Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978); *see also Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under § 1983). Moreover, the 11th Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Specifically, there is a

two-part test to determine whether a judge is entitled to judicial immunity. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)). The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. *Id*. (citations omitted). Here, it is clear Judge Hobbs' actions in the ejectment proceedings against Plaintiff and subsequent appeals are judicial acts. The second part of the test is whether the judge acted in the clear absence of all jurisdiction. *Id*. (citations omitted). In this case, Judge Hobbs clearly had jurisdiction over the ejectment proceedings as the state law case against Plaintiff was properly brought in the Circuit Court of Montgomery County and assigned to Judge Hobbs. Ergo, Judge Hobbs obviously was not acting "in absence of all jurisdiction." Judge Hobbs' conduct satisfies both prongs of the *Stump* test for judicial immunity and he is entitled to judicial immunity. *Id*.

     Moreover, although Plaintiff asserts AGFS and Judge Hobbs "teamed up to steal, take, and cover up wrong doings in an effort to get away with [his] assets," the bare assertion that such a conspiracy existed is insufficient to state a claim under § 1983. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action."); *see also Lawal v. Fowler*, 196 Fed. Appx. 765, 767 (11th Cir. 2006) (citing *Phillips*). The claims asserted against Judge Hobbs are due dismissal *sua sponte*.

## VI.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)   Defendant's *Motion to Dismiss* (Doc. 5, filed April 2, 2007) be **GRANTED**;

(2)   This action be **DISMISSED;**

(3)   Defendant's Alternative *Motion to Compel Arbitration* (Doc. 5, filed April 2, 2007 be **DENIED as moot.**

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **June 28, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE