IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ATHEAL PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:06-cv-0985-WKW |
| | ) |
| AMERICAN GENERAL FINANCE, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the court is the plaintiff's motion for leave to appeal in forma pauperis.[1] (Doc. # 24.) "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is

---

[1] Plaintiff also brings the court's attention to a motion filed prior to the dismissal of her cause of action (Doc. # 13-2) that appears to have never been explicitly ruled upon. The motion alleged threatening behavior from her opposing counsel and requested the court's protection. The plaintiff has already filed a notice of appeal, and while that normally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), an "exception to this rule exists . . . where the lower court acts in aid of appellate review." *In re Mosley*, 494 F.3d 1320, 1327 (11th Cir. 2007). Therefore, in order to aid appellate review, the court states that the motion was intended to be addressed, and denied, in the Magistrate Judge's Report and Recommendation (Doc. # 16) which this court subsequently adopted. To the extent the plaintiff's motion actually requested the court to take action, it was construed as a motion for a temporary restraining order. Because a temporary restraining order is available "[o]nly if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition," Fed. R. Civ. P. 65(b), and the plaintiff's motion contained no such affidavit or verified complaint nor was it clear that immediate or irreparable injury would occur, it was due to be denied. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (affirming a district court's *sub silentio* denial of a request that was assumed to be the functional equivalent of a motion). Furthermore, upon entry of final judgment (Doc. # 20), the motion became moot.

"frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A frivolous appeal is one without arguable merit. *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "Arguable means capable of being convincingly argued." *Id.* (citations and internal quotation marks omitted); *see Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (defining a lawsuit as frivolous where the chances of ultimate success are slight).

Applying the foregoing standard, this court is of the opinion that the plaintiff's appeal is without arguable merit and, thus, is frivolous and not taken in good faith. Accordingly, it is ORDERED that the plaintiff's motion is DENIED. The appeal in this case is certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith.

DONE this 1st day of October, 2007.

                         /s/ W. Keith Watkins
                        UNITED STATES DISTRICT JUDGE